**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-cv-13-GCM**

| | | |
|---|---|---|
| **LEE S. JOHNSON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **TRANS UNION LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed in Forma Pauperis

("IFP"), (Doc. No. 2).

## I.      BACKGROUND AND FACTS

Pro se Plaintiff Lee S. Johnson filed the original Complaint in this action on January 8,

2013, against Defendant Trans Union, LLC.  (Doc. No. 1).  In the Complaint, Plaintiff alleges

that Defendant has violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., by failing to

block fraudulent accounts from Plaintiff's credit report.

## II.      STANDARD OF REVIEW

Federal courts may allow a litigant to prosecute a civil action without paying the usual

required fees if the individual submits an affidavit containing a statement of his assets and

demonstrating that he cannot afford to pay the required fees.  28 U.S.C. § 1915(a)(1).  The IFP

statute is intended to ensure that indigent persons have equal access to the judicial system by

allowing them to proceed without having to advance the fees and costs associated with litigation.

<u>Flint v. Haynes</u>, 651 F.2d 970, 972 (4th Cir. 1981). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." <u>Adkins v. E.I. Du Pont de Nemours & Co.</u>, 335 U.S. 331, 339 (1948). Rather, an affidavit to proceed IFP is sufficient if it states that one cannot, because of his poverty, afford to pay for costs of litigation and still provide for the necessities of life. <u>Id.</u>

However, if a court determines at any time that the allegation of poverty made in an IFP application is "untrue," then the court "<u>shall</u> dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). <u>See</u> <u>Justice v. Granville Cnty. Bd. of Educ.</u>, Nos. 5:10-cv-539B-R, 5:11-cv-99-BR, 5:11-cv-400-BR, 5:11-cv-706-BR, 2012 WL 1801949, at *4 (E.D.N.C. May 17, 2012); <u>Staten v. Tekelec</u>, Nos. 5:09-cv-434-FL, 5:10-CV-180-FL, 2011 WL 2358221, at *1 (E.D.N.C. June 9, 2011); <u>Berry v. Locke</u>, No. 1:08cv697 (JCC), 2009 WL 1587315, at *5 (E.D. Va. June 5, 2009), <u>appeal dismissed</u>, 357 Fed. App'x 513 (4th Cir. 2009) (unpublished).

## III. DISCUSSION

Plaintiff submitted an application for IFP status along with the original Complaint. In the application, Plaintiff has asserted, under penalty of perjury, that she has no income; no expenses, including no expenses for food or transportation; no money in her checking account; and no assets, including no motor vehicles.

Given Plaintiff's allegations in her Complaint, the Court finds that at least one and possibly two assertions made by Plaintiff in her IFP application are simply false. That is, Plaintiff has declared that she has no expenses whatsoever, including expenses for food or transportation. These assertions are simply not plausible. First, common sense dictates that Plaintiff has at least some expenses for food. That is, Plaintiff needs to eat to survive, and food costs money. Plaintiff has stated under penalty of perjury, however, that she spends nothing on

food.  The Court finds that this statement is false.

Next, as for transportation, Plaintiff has stated under penalty of perjury that she spends nothing on transportation.  The Court finds that this statement is most likely false because, again, common sense dictates that unless Plaintiff walks everywhere she goes she must spend some amount of money on transportation.

The Court notes further that the paragraph above the signature line on Plaintiff's IFP application states, in pertinent part: "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims." (Doc. No. 2 at 1).  Given that Plaintiff has made false statements in her application to proceed IFP, the Complaint is subject to dismissal.  Before dismissing the Complaint, the Court will grant Plaintiff twenty days in which to provide proof of her income and expenses, or lack thereof.  As proof, Plaintiff shall file in this Court any W2 wage statements, social security benefit statements, her federal tax returns for 2011, and any other relevant documents.  As to her expenses, or lack thereof, Plaintiff shall provide to this Court documents verifying any expenses, or lack thereof.

Finally, the Court hereby warns Plaintiff that, in addition to facing dismissal of the Amended Complaint for making false statements to this Court, she also could potentially face a criminal prosecution for perjuring herself before this Court.  If Plaintiff continues to make false statements to this Court in future pleadings, the Court will not hesitate to refer this matter to the United States Attorney for the Western District of North Carolina for a determination of whether criminal prosecution of Plaintiff for perjury is appropriate.

Finally, as an alternative to submitting proof of her income and expenses to this Court in

-3-

accordance with this Order, Plaintiff may pay the full filing fee of $350.00, or Plaintiff could file a voluntary dismissal.

## IV.     CONCLUSION

Because the Court finds that Plaintiff has made false statements in her IFP application, the Court will order Plaintiff to submit proof of her income and expenses, or lack thereof, in accordance with this Order.

**IT IS THEREFORE ORDERED** that

1. Plaintiff shall, within twenty (20) days of entry of this Order, submit proof of her income and expenses, or lack thereof, within the past twelve (12) months. Plaintiff shall, furthermore, show cause to this Court why the Complaint should not be dismissed based on Plaintiff's false assertions in her IFP application. Alternatively, Plaintiff could take a voluntary dismissal of this case or pay the $350.00 filing fee.

Signed: January 16, 2013

Graham C. Mullen
United States District Judge

-4-